The Honorable Charlie Cole Chaffin State Senator Route 3, Box 1057 Benton, AR 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on the following specific questions:
 1. Can the Secretary of State of the State of Arkansas place items such as but not limited to works of art, artifacts, or busts of individuals in the public areas of the Capitol Building without the express consent of the Capitol Arts [sic] Commission even if the Secretary of State made a commitment to do so prior to the creation of the Capitol Arts Commission?
2. Is the consent required to be written?
A review of the pertinent legislation in this instance indicates that the answer to your first question is, generally, "no." Of particular relevance is Arkansas Code of 1987 Annotated 22-3-214
(Supp. 1987) which states in pertinent part as follows under subsection (b)(1):
 No statue, statuary, fountain, monument, or memorial tablet shall be erected in the public areas of the State Capitol or on its grounds without the consent in writing of the commission, nor shall any paintings, mural decorations, or other ornaments be placed in the public areas of the building, nor shall the halls of the public areas of the building be decorated in any way without the consent of the commission.
The "commission" is the Capitol Art Commission created under A.C.A. 22-3-214(a)(1). The Capitol Art Commission is composed of four citizens (two appointed by the Governor and two by the Secretary of State), the Secretary of State, the Speaker of the House of Representatives (or a member appointed by the Speaker), and the President Pro Tempore of the Senate (or a member appointed by the President Pro Tem).
It is my opinion that a commitment made by the Secretary of State prior to the creation of the commission will in all likelihood not be dispositive. It is significant to note in this regard that the Commission was initially created pursuant to at 22 of 1911. Section 22-3-214 (Supp. 1987) is very similar to the prior act, differing primarily with respect to the composition of the Commission. The requirement involving the Commission's consent has therefore been in place; and it is my opinion that this requirement will be incorporated into any agreement entered by the Secretary of State.
Please note, finally, that I have enclosed a copy of Attorney General Opinion No. 89-022, which addresses both the Capitol Art Commission and the Capitol Grounds Commission. The authority of the Capitol Grounds Commission must also be considered in the context of projects involving the location of, inter alia, memorials, monuments, and other works of art.
With regard to your second question, it is my opinion that the consent of the Capitol Art Commission under A.C.A. 22-3-214 (Supp. 1987) must be in writing. See language of 22-3-214(b)(1), cited above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.